IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JERMAIN D. LEWIS                                                                    PETITIONER
ADC #161312

v.                          Case No. 5:17cv00170 JM-JTK

WENDY KELLEY, *Director*
Arkansas Department of Correction                                                  RESPONDENT

## **PROPOSED FINDINGS AND RECOMMENDATIONS**

The following recommended disposition has been sent to United States District Court Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the

> 3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Petitioner, Jermain D. Lewis, *pro se*, filed the instant action seeking habeas relief. (DE #1, Petition) The Respondent, by and through counsel, the Attorney General of the State of Arkansas, filed a response to the Petition, stating that the Petition should be dismissed as time barred. She acknowledges that Petitioner filed a recent Rule 37 petition, however, notes that it has no bearing on the timeliness of the statute of limitations period. (DE #8, Response). Respondent acknowledges though that the October 25, 2017, unsuccessful Rule 37 petition contains some unexhausted ineffective assistance of counsel claims that Petitioner could arguably appeal. *Id.* In response, Petitioner asks this Court to dismiss his petition without prejudice so that he may properly exhaust his state remedies. (DE #9, Motion to Dismiss)

For the reasons that follow, the Court recommends that the petition be dismissed with prejudice.

Petitioner pleaded guilty to drug charges in December 2014, and he received probation. He failed to comply with the terms and conditions of his probation, and on June 15, 2015, the trial court revoked his probation. Petitioner received ten years in the Arkansas Department of Correction. A sentencing order was filed July 17, 2015. (DE #8, pp. 4-8). On June 15, 2017, Petitioner filed a Rule 37 petition. The trial court held a hearing on the petition on August 15, 2017, and denied the petition by order dated October 25, 2017.[1] Petitioner filed the instant federal habeas petition on June 21, 2017.

Section 2244 requires state habeas petitioners to file their petitions within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner pleaded guilty, and the Little River Circuit Court filed his Sentencing Order on July 17, 2015. The expiration of time for seeking review from that Order was thirty days later, on August 17, 2015.[2] *Camacho v. Hobbs*, 774 F.3d 931, 935 (8th Cir. 2015). Therefore, Petitioner had one year from August 17, 2015—or until August 16, 2016, to file his petition. He did not file the instant petition until June 21, 2017; thus it is untimely. As noted by Respondent, the filing of a state post-conviction motion after the habeas period has expired does not restart the limitation period. *Jackson v. Ault*, 452 F.3d 734, 735 (8th Cir.

---

[1] If a conviction was obtained on a plea of guilty, a petition claiming relief under Rule 37 must be filed within ninety (90) days of the date of entry of judgment. *See* Ark. R. Crim. P. 37.2(b). The Little River Circuit Court filed Petitioner's Sentencing Order on July 17, 2015. Ninety days from that date was October 15, 2015, but Petitioner did not file his Rule 37 petition until June 15, 2017. The circuit court held a hearing on the Rule 37 petition on August 15, 2017, and later dismissed the petition on October 25, 2017. Whether the circuit court should have entertained the untimely petition is of no moment, as it has no bearing on the ultimate recommendation provided herein.

[2] The time to seek review expired on Sunday, August 16, 2015. Therefore, the petition was due to be filed no later than the next business day, August 17, 2015.

3

2006) ("the one year AEDPA limit for federal habeas filing cannot be tolled after it has expired."). Petitioner filed his Rule 37 petition on June 15, 2017, after the expiration period had run.

There is no reason to believe that equitable tolling would be appropriate in this instance. *See Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) ("Equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time."). Petitioner brought the current action almost one year after the limitations period had expired. Accordingly, the Court finds that the petition is time barred.

Accordingly, for the reasons stated above, the Court hereby recommends that the Motion, DE #9, be DENIED and that the Petition be dismissed with prejudice.

SO ORDERED this 4th day of December, 2017.

_____
UNITED STATES MAGISTRATE JUDGE